# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY WELLS,<br><br>　　　　　　　　　Plaintiff,<br>　　vs.<br><br>FOCUS RECEIVABLE MANAGEMENT,<br>　　　　　　　　　Defendant. | CASE NO. 11CV733 DMS (BLM)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

　　　　Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint and a Motion to Proceed *In Forma Pauperis* ("IFP").

**I.　　Motion to Proceed IFP**

　　　　All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00.  *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  This Court finds Plaintiff's affidavit of assets is sufficient to show she is unable to pay the fees or post securities required to maintain this action.  *See* Civil Local Rule 3.2. Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.　　Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

　　　　Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person

proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)(noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As currently pleaded, Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Plaintiff's Complaint sets forth claims for relief for violations of the Fair Credit Reporting Act ("FCRA"); violations of the Fair Debt Collection Practices Act ("FDCPA"); negligent, reckless and wanton conduct; harassment; and invasion of privacy. However, it lacks sufficient factual detail regarding these claims. As the basis for these claims, Plaintiff alleges,

> In February 2011, Defendants [sic] Focus Receivable Management began phoning the Plaintiff in reference to an alleged debt. During these phone calls Focus Receivable Management would attempt to collect the debt multipl[e] times throughout the day from Plaintiff[,] sometimes back to back. Employees of Focus Receivable Management informed the Plaintiff that they would not stop until they received payment. Plaintiff requested defendant to cease and desist communication via telephone. Over the course of several months[,] this type of contact increased in frequency and intensity, with the Defendant attempting to contact Plaintiff on his job, and in fact calling Plaintiff's mother in reference to the aforementioned debt.

(Complaint at 2.)

As to Plaintiff's claim for violation of the FDCPA, she does not allege whether Defendant constitutes a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and does not allege to whom the debt was owed or the relationship of Defendant to the party to whom the debt was owed. Furthermore, Plaintiff names Focus Receivable Management as the sole Defendant in the Complaint,

but alleges "Defendant Credit Management System violated numerous provisions of the FDCPA including but not limited to Sections 805(a)(3); 805(b); 806; 807; & 809(b)." (Complaint at 2.) A claim for harassment exists only when tied to a statutory framework. *See, e.g.,* Cal. Civ. Code §§ 51.9, 1708.7, 1788.11; Cal. Code Civ. P. § 527.6. Here, Plaintiff cites to the FDCPA as a statute recognizing a claim for harassment. However, Plaintiff fails to allege sufficient factual detail in support of her claim for violation of the FDCPA. With respect to Plaintiff's claim for violation of the FCRA, the allegations in the Complaint concern the attempted collection of a debt and there are no allegations referencing consumer reports or reporting or other facts supporting a claim for violation of the FCRA. Accordingly, these claims must be dismissed for failing to state a claim upon which relief can be granted.

To state a claim for negligence under California law, a party must show (1) a legal duty to exercise due care, (2) a breach of that duty, and (3) that the breach was the proximate or legal cause of the resulting injury. *S. Cal. Hous. Rights Ctr. v. Los Feliz Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005). Negligent infliction of emotional distress is not itself an independent tort, but is rather the tort of negligence. There is no duty under California law to avoid negligently causing emotional distress to another and a claim for negligent infliction of emotional distress is valid "only if the defendant has breached some other duty to the plaintiff." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984 (1993). "Under California law, to make out a cause of action for intentional infliction of emotional distress, a plaintiff must show, in relevant part, that the defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society. Conduct which exhibits mere rudeness and insensitivity does not rise to the level required for a showing of intentional infliction of emotional distress." *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1158 (9th Cir. 2000)(citations omitted). Plaintiff has not alleged a duty owed to her by Defendant, nor sufficient facts supporting a showing of extreme and outrageous conduct. Accordingly, Plaintiff's claim for negligent, reckless, and wanton conduct is dismissed for failure to state a claim upon which relief can be granted.

Finally, Plaintiff alleges "Defendant's conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff['s] private life, publishes private facts regarding

Plaintiffs [sic], and places Plaintiff in a false light in the eyes of those to whom the publications are made." (Complaint at 5.) However, Plaintiff includes no allegations regarding the public disclosure of private facts or statements made that placed her in a false light. Furthermore, "[t]he party claiming a violation of the constitutional right to privacy established in article I, section 1 of the California Constitution must establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) a serious invasion of the privacy interest." *Int'l Fed'n of Prof'l & Technical Eng'rs, Local 21, AFL-CIO v. Superior Court*, 42 Cal.4th 319, 338 (2007). Accordingly, Plaintiff's claim for invasion of privacy is also dismissed for failure to state a claim upon which relief can be granted.

### III.     Conclusion and Order

For these reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed IFP is **GRANTED**. The Complaint is **DISMISSED** without prejudice for failure to state a claim. Should Plaintiff wish to file an amended Complaint consistent with this Order, she may do so on or before June 10, 2011.

**IT IS SO ORDERED.**

DATED: May 10, 2011

_____
HON. DANA M. SABRAW
United States District Judge